Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada State Bar No. 13484
**BACKUS | BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA ABINA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSON'S LLC dba ALBERTSON'S #4039, a foreign limited-liability company; and; DOES I-X; and ROE CORPORATIONS I-X, inclusive<br><br>Defendants. | Case No.   2:22-cv-01142-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>*Fourth Request* |

In accordance with Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 26-4, Defendant Albertson's LLC ("Defendant"), by and through its counsel of record, the law firm of BACKUS | BURDEN, and Plaintiff Victoria Abina ("Plaintiff"), by and through her counsel of record, RUIZ LAW FIRM, hereby stipulate and agree to an extension of all remaining discovery deadlines by *thirty (30) days*. The parties propose the following revised discovery plan (*new information in bold italics*):

Pursuant to Local Rule 6-1(b), the Parties hereby aver that this is the first such discovery extension requested in this matter. Moreover, pursuant to Local Rule 26-3, it is respectfully submitted that the Parties' failure to request the instant extension of discovery twenty-one (21) days prior to the deadline for initial expert disclosure was the result of excusable neglect. Specifically noting the failure to request the extension of was a mere oversight by the Parties.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000). Further: 1) there is no danger of prejudice as the extension is stipulated by the Parties; 2) a one hundred eighty (180) day extension will not impact a trial date because the same has not been scheduled; 3) the Parties, their respective Counsel, and witnesses have been limited in appearing for deposition due to the Covid-19 pandemic; and 4) the requested extension is made in good faith by both Parties. *Pioneer Investment Services v. Brunswick Associate's, Ltd.*, 507 U.S. 380, 395 (1993).

## I.

## DISCOVERY COMPLETED TO DATE

1. Plaintiff served her Initial Disclosure Pursuant to FRCP 26 on August 2, 2022, ***with one supplement thereto***;

2. Defendant served its Initial Disclosure Pursuant to FRCP 26 on August 11, 2022, ***with two supplements thereto***;

3. Plaintiff produced her First Sets of Requests for Production and Interrogatories to Defendant, which were answered;

4. Defendant produced its First Sets of Requests for Production and Interrogatories to Plaintiff, which were answered;

5. Defendant served its First Supplemental Disclosure Pursuant to FRCP 26 on September 26, 2022;

6. Defendant ~~noticed~~ took Plaintiff's deposition ~~for~~ on December 16, 2022 at 10:00am;

7. Defendant noticed the following Custodians of Records Depositions:

    a. Desert Radiology, December 9, 2022 at 9:00am

    b. Nevada Health Centers, December 9, 2022 at 9:15am

    c. Nevada Spine Clinic, December 9, 2022 at 9:30am

    d. Southwest Medical Associates, December 9, 2022 at 9:45am

    e. Suarez Physical Therapy, December 9, 2022 at 10:00am

    f. Valley Hospital, December 9, 2022 at 10:15am

    g. Wolfson and Wolfson, December 9, 2022 at 10:30am

8. Plaintiff produced her Revised Initial List of Witnesses and Documents Pursuant to FRCP 26(a) on February 14, 2023.

9. Plaintiff took the deposition of Defendant's FRCP 30(b)(6) Witness on March 8, 2023.

10. *Plaintiff disclosed her Initial Designation of Expert Witnesses on June 12, 2023, with one supplement thereto;*

11. *Defendant disclosed its Initial Designation of Expert Witnesses on June 12, 2023*

## II.

## DISCOVERY TO BE COMPLETED AND REASONS

## FOR EXTENSION OF DISCOVERY

Discovery to be completed includes:

1. ~~Plaintiff's supplementation of her FRCP 26(a) Initial Disclosures with expected testimony of witnesses.~~

 a. *Completed*

2. ~~Deposition of Plaintiff, currently scheduled December 16, 2022.~~

 *a.* *Completed*

3. Depositions of fact witnesses.

4. Depositions of Plaintiff's treating medical providers.

5. Depositions of Defendant's employees.

 *a.* The parties have identified Defendant's 4th Key Manager as a witness; who's deposition will be noticed for February or March 2023

6. ~~Deposition of Defendant's FRCP 30(b)(6) representative(s).~~

 *a.* ~~Scheduled March 8, 2023.~~

 b. *Completed*

3

7. ~~FRCP 26(a)(2) designation of initial and rebuttal expert witnesses.~~

    a. *Completed*

8. Depositions of initial and rebuttal expert witnesses.

Additional written discovery and depositions as the Parties deem necessary.

The Parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extension.

### III.

### REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN

This request is two-fold. First, the onset of the Covid-19 pandemic and now increase in RSV patients has made conducting depositions – especially depositions of physicians, many of whom have an understandably increased workflow and decreased availability – and other discovery-related tasks more difficult. Second, Defendant's factual and corporate representatives have decreased availability during the December holiday season. Defendant's 30(b)(6) Corporate Witness' deposition has been scheduled for March 8, 2023. As such, the parties agree to extend discovery deadlines for ninety (90) days.

Further, the Parties wish to investigate this case by completing the depositions of important witnesses prior to initial expert disclosures in an effort to determine if resolution of this matter may be reached prior to incurring fees and costs associated with disclosing experts and their respective opinions. The parties have entered into this agreement in good faith and not for purposes of delay.

Following the deposition of Plaintiff and Defendant's FRCP 30(b)(6) Witness, the parties entered settlement negotiations. While discussions continue – if settlement cannot be reached directly – the parties have also discussed exploring alternative dispute resolution through possible private mediation or by requesting judicial assistance in the form of a settlement conference.

4

*The Parties have stipulated to a Settlement Conference, which is currently scheduled December 15, 2023 before Magistrate Weksler. The instant discovery extension allows the Parties to focus on potential resolution without incurring additional fees and costs.*

*The parties have entered into this agreement in good faith and not for purposes of delay.*

## IV.

## DISCOVERY DEADLINES

| | |
|---|---|
| Discovery cutoff: | October 13, 2023 |
| Amending the pleadings or adding parties: | Closed |
| Initial expert disclosures: | August 11, 2023 |
| Rebuttal expert disclosures: | September 11, 2023 |
| Dispositive motions: | November 13, 2023 |
| Joint Pre-Trial Order, if no Dispositive Motions | December 13, 2023 |

## VII.

## NEW DISCOVERY DEADLINES

| | |
|---|---|
| Discovery cutoff: | *Closed* |
| Amending the pleadings or adding parties: | *Closed* |
| Expert disclosures: | *Closed* |
| Rebuttal expert disclosures | *Closed* |
| Dispositive motions: | *Closed* |
| Joint Pre-Trial Order, if no Dispositive Motions | ***January 12, 2024*** |

5

*CASE NO.: 2:22-cv-01142-JAD-BNW*
*Abina v. Albertson's LLC*
*Stipulation and Order to Extend (Fourth Request)*

The Parties aver that this request for extension of discovery deadlines is made by the Parties in good faith and not for the purpose of delay.

DATED this 27th day of November 2023.
**RUIZ LAW FIRM**

*/s/ Lawrence Ruiz*
LAWRENCE RUIZ, ESQ.
Nevada Bar No. 11451
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
*Attorneys for Plaintiff*

DATED this 27th day of November 2023.
**BACKUS | BURDEN**

*/s/ Jacquelyn Franco*
JACK P. BURDEN, ESQ.
Nevada Bar No. 6918
JACQUELYN FRANCO, ESQ.
Nevada Bar No. 13484
3050 South Durango Drive
Las Vegas, NV 89117
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.
DATED: 11/29/2023

_____
UNITED STATES MAGISTRATE JUDGE

6